# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| PATRICIA DUFF, | ) |
| | ) |
| Plaintiff, | ) PLAINTIFF'S COMPLAINT AND |
| | ) DEMAND FOR JURY TRIAL |
| – vs – | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION, LLC, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES Plaintiff, PATRICIA DUFF ("Plaintiff"), through her attorney, hereby alleges the following against Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND"), Defendant, EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), and Defendant TRANSUNION, LLC ("TRANSUNION") (collectively "Defendants"):

### **Nature of the Action**

1. This action is brought by Plaintiff pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### **Parties**

2. Plaintiff is a natural person residing in the city of Yuma, County of Yuma, Colorado and is otherwise *sui juris*.

3. Plaintiff is allegedly obligated to pay a debt and is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692(a)(3).

4. Defendant MIDLAND is Kansas corporation conducting business in the state of Colorado and is headquartered in San Diego, California.

5. Defendant MIDLAND is a debt collector as defined by 15 U.S.C. § 1692(a)(6) and sought to collect a consumer debt from Plaintiff.

6. On information and belief, Defendant MIDLAND is a person who regularly and in the ordinary course of business furnishes information to one or more "consumer reporting agencies" regarding its transactions or experiences with "consumers".

7. On information and belief, this includes consumer reporting agencies such as Defendant EXPERIAN, Defendant TRANSUNION, and Defendant EQUIFAX.

8. Defendant EQUIFAX is a limited liability corporation conducting business in the state of Colorado and is headquartered in Atlanta, Georgia.

9. Defendant EXPERIAN is a corporation conducting business in the state of Colorado and is headquartered in Costa Mesa, California.

10. Defendant TRANSUNION is a limited liability corporation conducting business in the state of Colorado and is headquartered in Springfield, Illinois.

11. Defendants EQUIFAX, EXPERIAN, and TRANSUNION are nationwide consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

12. Defendants EQUIFAX, EXPERIAN, and TRANSUNION regularly engage in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. § 1681a(f).

13. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

14. Defendants conduct business in Colorado and therefore personal jurisdiction is established.

15. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692(k)(d), which state that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

16. Venue is proper in the United States District Court District of Colorado pursuant to 28 U.S.C § 1391b because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

17. During July 2016, Plaintiff opened a consumer credit account ending in -2004 (the "Account") with Citibank, N.A.

18. In 2017, as a result of financial difficulty, Plaintiff fell behind on her payments for the Account, which eventually resulted in an amount owing of $7,186.03.

19. On information and belief, during April 2017 the Account was sold to Defendant MIDLAND.

20. On or around May 11, 2017, Plaintiff and Defendant MIDLAND came to a settlement agreement regarding the outstanding balance owed on the Account.

21. This agreement was memorialized in writing on May 11, 2017; detailing the terms of the agreement, including the payment schedule, which Plaintiff timely observed.

22. On or around April 26, 2018, Plaintiff satisfied the settlement terms by making the final settlement payment agreed to by Defendant MIDLAND, thereby resulting in a zero-balance owed to Defendant on the Account.

23. However, despite Plaintiff's performance under the terms of the agreement, Defendant MIDLAND took it upon itself to report incorrect information to the CRAs. Specifically, Defendant MIDLAND reported to the CRA's that the account balance was $4,686.03 past due and that Plaintiff had failed to make monthly payments on the balance.

24. During the beginning of August 2018, Plaintiff disputed with Defendant MIDLAND the information that it was reporting to the CRAs. Defendant MIDLAND responded to this dispute on August 17, 2018 and August 22, 2018 notifying Plaintiff that they believed their information to be correct.

25. On August 27, 2018, Plaintiff was notified by Security Service Federal Credit Union that she had been denied a loan based off of her collection/charge-off history, her unsatisfactory past credit history, and unsuitable terms and/or conditions.

26. Defendant MIDLAND's incorrect reporting resulted in the loss of credit to Plaintiff, which ultimately led to the denial of Plaintiff's loan application with Security Service Federal Credit Union and her emotional distress over such denial.

27. Following the denial of the loan, Plaintiff once again contacted Defendant MIDLAND, disputing the incorrect balance being reported on her account. On December 17, 2018, Defendant once again responded that it believed its information was correct.

28. On December 29, 2018, Plaintiff was notified by Wells Fargo that she had been denied a loan based off of her delinquent/derogatory accounts, presence of collection trades, lack of trades reported recently, and lack of active revolving trades.

29. Once again, Defendant MIDLAND's incorrect reporting resulted in the loss of credit to Plaintiff, which ultimately led to the denial of Plaintiff's loan application to Wells Fargo and her emotional distress over such denial.

30. On January 9, 2020, Plaintiff informed Defendants EQUIFAX, EXPERIAN, and TRANSUNION, of the incorrect information that was being reported on Plaintiff's credit report regarding Plaintiff's Account with Defendant MIDLAND. Despite this notice, incorrect information continued to be reported.

31. As of April 1, 2020, the incorrect account balance continues to be reported on Plaintiff's credit report. Specifically, DEFENDANT'S EQUIFAX, EXPERIAN, and TRANSUNION continue to report an outstanding balance of $4,052 on the Account.

32. On information and belief, Defendants EQUIFAX, EXPERIAN, and TRANSUNION, pursuant to their responsibility in 15 U.S.C. § 1681i, notified Defendant MIDLAND of the disputed accuracy of the information they have been providing concerning Plaintiff.

33. Upon being notified by Defendants EQUIFAX, EXPERIAN, and TRANSUNION, Defendant MIDLAND was required, pursuant to 15 U.S.C. § 1681s(2)(b), to (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the CRA; (C) report the results of the investigation to the CRA; and (D) if the investigation found information was incomplete and inaccurate, report such results to all CRAs to which Defendant MIDLAND previously provided information.

34. Therefore, Defendant MIDLAND being notified of the reporting of incorrect information, subsequently and willingly failed to conduct a genuine investigation into Plaintiff's disputes, review all relevant information provided to it, and report the results to the CRAs to which it provided said information. If Defendant MIDLAND would have complied

PLAINTIFF'S COMPLAINT

with its statutory duties, a proper account status would have been reported to all CRAs and Plaintiff's credit report would be accurate.

35. Further, since Plaintiff completed the terms of settlement, Defendant MIDLAND is using false, deceptive and misleading means in connection with attempting to collect a debt by continually misrepresenting the character, amount, and legal status of the debt. Defendant MIDLAND is also communicating credit information to third parties which it knows or should know to be false.

36. In addition, upon being notified by Plaintiff of inaccurate information, Defendants EQUIFAX, EXPERIAN, and TRANSUNION, pursuant to 15 U.S.C. § 1681e(b), were required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintained concerning Plaintiff. Defendants EQUIFAX, EXPERIAN, and TRANSUNION did not follow reasonable procedures, but rather repeated the information they received from Defendant MIDLAND. If Defendants EQUIFAX, EXPERIAN, and TRANSUNION would have complied with their statutory duties, incorrect information concerning Plaintiff would not have been reported despite notice from Plaintiff.

37. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress relating to and stemming from the denial of loan applications.

## FIRST CAUSE OF ACTION

## DEFENDANT MIDLAND VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.*

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

39. Defendant MIDLAND's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692(e)* of the FDCPA by using false, deceptive, or misleading means in connection with the collection of the Account;

   b. Defendant violated *§1692(e)(2)(A)* of the FDCPA by falsely representing the legal status of the debt; and

   c. Defendant violated *§1692(e)(8)* of the FDCPA by reporting false credit information to consumer reporting agencies when it knew or should have known such information was false.

## SECOND CAUSE OF ACTION

## DEFENDANT MIDLAND VIOLATED THE FCRA *15 U.S.C. § 1681s(2)(b)*

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

41. Defendant MIDLAND's violations of the FCRA include, but are not limited to, the following:

   a. Defendant violated *§1681s(2)(b)(A)* of the FCRA by failing to conduct an investigation with respect to the information disputed by Plaintiff;

   b. Defendant violated *§1692s(2)(b)(B)* of the FCRA by failing to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i; and

   c. Defendant violated *§1692s(2)(b)(C) and (D)* of the FCRA by failing to report the results of the investigation to the CRAs, since the information is incomplete and/or inaccurate.

### THIRD CAUSE OF ACTION

### DEFENDANTS EQUIFAX, EXPERIAN, and TRANSUNION

### VIOLATED THE FCRA *15 U.S.C. § 1681e(b)*

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

43. Defendants EQUIFAX, EXPERIAN, and TRANSUNION's violations include, but are not limited to, the following:

   a. Defendants each violated *§1681e(b)* of the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintain concerning Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for the following:

#### FIRST CAUSE OF ACTION

44. Actual and compensatory damages according to proof at time of trial;

45. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

46. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k; and

47. Awarding such other and further relief as may be just, proper and equitable.

#### SECOND CAUSE OF ACTION

48. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

49. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(2);

50. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692n(a)(3); and

51. Awarding such other and further relief as may be just, proper and equitable.

## THIRD CAUSE OF ACTION

52. Statutory damages of $1000.00 for each Defendant alleged herein pursuant to 15 U.S.C. § 1681n(a)(1);

53. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(2);

54. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692n(a)(3); and

55. Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

56. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: April 20, 2020       By:*/s/ James A. Sellers II*
                            James A. Sellers II
                            The Law Offices of Jeffrey Lohman, P.C.
                            28544 Old Town Front St., Suite 201
                            Temecula, CA 92590
                            T: (657) 363-4699
                            F: (657) 363-6611
                            E: Jamess@jlohman.com
                            *Attorney for Plaintiff Patricia Duff*